1

RECEIVED UNITED STATES DISTRICT COURT
MIDDLE DISTRICT
MONTGOMERY, ALABAMA

**LORENZO PEARSON**
*PLAINTIFF*

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2017 AUG -2 P 12:00

**VS**

1:17- cv-523-WKW
Case # NOT ASSIGNED YET
**DEMAND FOR JURY TRIAL**

**SUN LOAN COMPANY ALABAMA. INC. SUN LOAN PARTNERSHIP #3, LTD d/b/a SUN
LOAN COMPANY; BRUNDAGE MANAGEMENT COMPANY, INC; THOMAS BRUNDAGE;
SUN LOAN COMPANY, INC, HUGH DOHERTY and FICTICTIOUS PARTIES**
*DEFENDANTS*

## 1. COMPLAINT

## 2. PARTIES

Lorenzo Pearson the Plaintiff mailing address and resides at 17 West Main Street Ariton, Alabama
36311. Defendant, Sun Loan Company Alabama. Inc. 254 Spencer Lane, San Antonio, Tx 78201,
Brundage Management Company, Inc. and Thomas Brundage, 254 Spencer Ln, San Antonio Texas
78201, Defendant, Sun Loan Company and Hugh Doherty, 254 Spencer Ln, San Antonio, Texas 78201.
Fictitious party one is the individual who denied my application. Fictitious party two is a person
employed with Defendant(s) Brundage Management Company, Inc/Sun Loan Company, and is
believed to be a district personal named Sandra who called me from (210) 758-XXXX. All fictitious
parties that are identified through discovery will be added at that time. All Defendant(s) acted for each
other and/or individually. All mail will be served to the place of business address.

## 3. JURISDICTION

Over Fair Credit Reporting Act Pursuant Section 615(a) 15 U.S.C. § 1681m(a). Supplemental
jurisdiction over all state claims pursuant 28 U.S.C. § 1367.

## GENERAL STATEMENT

Defendant(s) made communications with Plaintiff concerning a loan application. Defendant(s)
violated statutory law at the minimum during the application process after failing to notify Plaintiff of
his rights under FCRA statue above when being denied credit.

## 4. FACTS

5.      On or about September 15th, 2016 Plaintiff Lorenzo Pearson submitted a credit application to
Defendant(s) Sun Loan Company based in the State of Texas, Via Internet. Application ID: 107231

6.      On or about September 15th, 2016, Defendant(s) based in the State of Texas confirmed by email
to Plaintiff they had received the Plaintiff's application for credit.

2

**7.** In that verification the Defendant(s) left a phone number I could call which is (844) 684-XXXX the headquarters phone number based in San Antonio, Texas.

**8.** On or about September 15th, 2016 at 2:16 P.M. Defendant(s) employee (Fictitious Party One) called Plaintiff to deny his credit application via phone.

**9.** In the same phone communication the Defendant(s) did not follow the FCRA statue concerning notice requirement pursuant adverse action for credit denial, because they only denied credit and that was it. Never providing Plaintiff his rights over the phone or by any other communication.

**10.** On or about October 20th, 2016, nearly a month after the application denial, Plaintiff filed a complaint with Sun Loan Company by stating he had not received an adverse action letter and wanted to settle without going to court. Application ID: 116403.

**11.** On or about October 20th, 2016, Plaintiff called Sun Loan Company switchboard based in Texas at 1-800-531-7652 at around about 11:31 A.M. Plaintiff talked with an operator named Helen. She stated she would forward my complaint to the right personal.

**12.** On or about October 20th, 2016 at 2:52 P.M. Plaintiff received a call to (850)-399-XXXX from Sandra (Fictitious Party Two) a District Manager, as she claimed. Her number was (210)-758-XXXX, a Texas phone number.  She has taken no action to resolve the issue.

**13.** All Defendant parties acted on the behalf of themselves and or for their employers performing business by way of internet and multiply phone communication with Plaintiff.

**14.** Plaintiff repeats, re pleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

### 15.    CAUSE OF ACTION COUNT ONE VIOLATION OF FCRA
### SECTION 615(a) 15 U.S.C. § 1681m(a)

**16.** The Fair Credit Reporting Act (FCRA) requires notice to a consumer subjected to "adverse action . . . based in whole or in part on any information contained in a consumer [credit] report." 15 U. S. C. §1681m(a).

**17.** This notice require creditors taking adverse action based on a consumer report to provide an adverse action notice containing the name of the credit reporting agency, notice of consumer's rights to request a free credit report, and notice of the consumers right to dispute the accuracy of the report's content.

**18.** The action of the Defendant(s) failing to provide an adverse action letter pursuant the statue is a direct violation to the rights of the Plaintiff pursuant the FCRA statue adverse action/notice requirement as given above.

**19.** The action of the Defendant(s) failing to provide the specifics required under the FCRA during

**3**

phone conversations when denying credit is a direct violation to the rights of the Plaintiff and has caused him damages.

**20.** **Wherefore as** considering the premises herein, the Plaintiff requests judgment against Defendant(s) for statutory damages, compensatory damages, actual damages, court cost, and any other relief the court sees just under the circumstances severally and or individually.

**21.** Plaintiff repeats, repleads, and restates all paragraphs as though fully set out herein and incorporate these paragraphs in any and all cause of action.

## 22.    CAUSE OF ACTION COUNT TWO WILLFUL FAILURE/NEGLECT

**23.** Willful failure covers a violation committed in reckless disregard of the notice obligation. Where willfulness is a statutory condition of civil liability, it is generally taken to cover not only knowing violations of a standard, but reckless ones as well. See, e.g., McLaughlin v. Richland Shoe Co., 486 U. S. 128, 133.

**24.** Defendant(s) knowingly and or recklessly disregarded the statutory conditions required under FCRA pursuant notice obligation under two circumstances, one by phone and or by letter.

**25.** Further, with the Defendant(s) performing this type of service daily, their failure to follow federal law is reckless at the minimum which set the threshold for punitive damages.

**26.** The Defendant(s) failed action against the Plaintiff's notification rights as given under the adverse action statue where they fail their duty twice, but it was done recklessly with the experience they have in the credit business.

**27.** After being denied his rights while and after being denied credit, the Plaintiff notified Defendant(s) nearly a month later and they acted to cover up their failure at the direction of fictitious party, Sandra by claiming they would now send me an adverse action letter. This would be well over 30 days after credit denial.

**28.** Their action is knowing and reckless failures with that has prompted this lawsuit causing damage to the Plaintiff and that under previous cases specifically backed by the Supreme Court Of The United States prompting a request for punitive damages.

**29.** **Wherefore as** considering the premises herein, the Plaintiff requests judgment against Defendant(s) for statutory damages, actual damages, punitive damages of at least $25,000.00, court cost, and any other relief the court sees just under the circumstances severally and or individually.

**PLAINTIFF DEMANDS A JURY AS TO ALL ISSUES HEREIN**

**Lorenzo Pearson Pro Se Plaintiff**
**17 West Main Street**
**Ariton Alabama 36311**

**4**

## CERTIFICATE OF SERVICE

Plaintiff certifies he has mailed a copy by U.S. mail of the above style complaint prepaid to Defendant(s) main office at their perspective address noted in the paragraph parties above, this the 20th, day of July, 2017.

Respectfully submitted, this the 20th, day of July, 2017.

**Lorenzo Pearson Pro Se Plaintiff**
**17 West Main Street**
**Ariton, Alabama 36311**