IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LORENZO PEARSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-523-WKW-WC |
| | ) |
| SUN LOAN COMPANY ALABAMA, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On August 2, 2017, Plaintiff filed a Complaint (Doc. 1) appearing to allege a cause of action under the Fair Credit Reporting Act ("FCRA") against several Defendants. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). On August 18, 2017, the District Judge entered an Order (Doc. 5) referring the case to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." Subsequently, on September 1, 2017, Plaintiff filed his "Request for Leave of Court or Freely Given and Motion to Amend Pursuant to FRCP 15(A)" (Doc. 6), to which he attached his First Amended Complaint (Doc. 6-1).

Because Plaintiff's Complaint has not been served on any opposing party, he is entitled to amend his Complaint as a matter of course, without first obtaining leave of court. Fed. R. Civ. P. 15(a)(1). As such, Plaintiff's motion for leave to amend is due to be denied

as moot, and his First Amended Complaint shall be entered on the docket. However, because Plaintiff has requested leave to proceed *in forma pauperis*, the First Amended Complaint is now before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii). Based upon a careful review of the First Amended Complaint, the undersigned concludes that Plaintiff has failed to state any claim upon which relief could be granted and that, consequently, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

A review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (remarking, a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible." *Id.* (internal quotations omitted).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Accordingly, Plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules

of Civil Procedure in order to survive review under § 1915(e). As set out below, the undersigned concludes that Plaintiff's complaint fails to withstand such scrutiny.

Plaintiff's First Amended Complaint contains this helpful summary of his claims against Defendants:

> Defendant(s) taken a credit application from Plaintiff concerning a loan and denied him credit based on information obtained in his credit report(s). Defendant(s) violated statutory law at the minimum during the application process after failing to notify Plaintiff of his rights under FCRA statu[t]e "adverse action letter" when being denied credit based on issues of his credit report(s). Also, Defendants failed to notify plaintiff of his rights based on denial of credit based on his credit score.

Doc. 6-1 at 1 ("General Statement"). Plaintiff specifically alleges that he submitted an online credit application to Sun Loan Company on September 15, 2016, and that he received a phone call that same day from Sun Loan informing him of the denial of his application. *Id.* at ¶¶ 5, 8. He alleges that, in that call, Sun Loan failed to "follow the FCRA statu[t]e concerning notice requirement pursuant to adverse action/notice requirement for credit denial based on his credit score and credit score [sic], because they only denied credit and that was it." *Id.* at ¶ 9. He further alleges that, despite Sun Loan's contrary representations to him, he never received a letter informing him of the basis for the denial of his credit application or advising him of his rights under the FCRA. *Id.* at ¶ 12.

From these allegations, Plaintiff purports to present causes of action under the FCRA. In his first cause of action, citing 15 U.S.C. § 1681m(a), Plaintiff alleges that Defendants were required to give him notice of any adverse action based in whole or in part on any information contained in his credit report. *Id.* at ¶ 16. He alleges that

"Defendant(s) failing to provide an adverse action letter pursuant to the statu[t]e(s) above is a direct violation to the rights of the Plaintiff pursuant to the FCRA statu[t]e adverse action/notice based on issues of his credit report as given above." *Id.* at ¶ 18.  In his second cause of action, he appears to again allege that Defendants violated the FCRA when they failed to "provide Plaintiff with adverse action letter/notice when denying him of credit based on his credit score obtain in his credit report(s) pursuant dates given above." *Id.* at ¶ 24.  Finally, in his third cause of action, Plaintiff alleges that "Defendant(s) knowingly and or recklessly with willful disregard violated the statutory conditions required under FCRA pursuant notice obligation under two circumstances." *Id.* at ¶ 31.

      Upon review of Plaintiff's First Amended Complaint, the undersigned finds that, because Plaintiff has no right to enforce the alleged violation of his rights under the subject provisions of the FCRA through a private judicial action, Plaintiff has failed to state any claim upon which relief could be granted and, therefore, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).  In short, the federal statute pursuant to which Plaintiff brings his claims unambiguously precludes his ability to bring his claims in a private civil lawsuit.

      Plaintiff correctly describes some of the obligations of a "user" of a credit report when taking an adverse action against a credit applicant based, at least in part, on information in the applicant's credit report.  *See* 15 U.S.C. § 1681m(a).  However, even if the court assumes the veracity of Plaintiff's allegations that Defendants failed to provide him with notice or information as required by § 1681m(a), the FCRA does not provide him with a judicially enforceable civil remedy for such statutory noncompliance.  The very

5

same statute cited by Plaintiff addresses "Enforcement" of the rights and obligations imposed by the statute. *See* § 1681m(h)(8). First, under the heading "No civil actions," the statute unambiguously commands that "Sections 1681n and 1681o of this title shall not apply to any failure by any person to comply with this section." § 1681m(h)(8)(A). Sections 1681n and 1681o provide the sole mechanisms for obtaining judicial relief for willful and negligent noncompliance with the terms of the FCRA, respectively. Section 1681m(h)(8)(A)'s specific exclusion of § 1681m from enforcement under those provisions necessarily excludes noncompliance with the terms of § 1681m by "users" of credit reports from the civil judicial remedies afforded by the FCRA. *See, e.g., Perry v. First Nat'l Bank*, 459 F.3d 816, 823 (7th Cir. 2006) (holding "[t]he unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m"); *Floyd-Keith v. Homecomings Fin., LLC*, Civ. No. 2:09-cv-769-WKW-CSC, 2010 WL 3927596, at *8 (M.D. Ala. Sept. 17, 2010) ("Thus, there is no private right of action to enforce § 1681m."), *recommendation adopted,* 2010 WL 3943646 (Oct. 7, 2010).

Congressional intent to preempt private lawsuits based upon alleged violations of § 1681m is made even more clear by the second provision of § 1681m(h)(8), "Administrative enforcement," which requires that § 1681m "shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." § 1681m(h)(8)(B). *See, e.g., Soroka v. JP Morgan Chase & Co.*, 500 F. Supp. 2d 217, 223 (S.D.N.Y. 2007) ("The unambiguous plain language of the FCRA makes it clear that Congress intended for this section to be enforced only by Federal administrative agencies."). Thus, Plaintiff simply lacks a private right of action under the FCRA for the

6

violations he alleges in the First Amended Complaint.  Instead, it appears Plaintiff's remedy for the violations he alleges lies with the appropriate federal regulatory agency, the Federal Trade Commission.  *See* § 1681s(a)(1).  Because Plaintiff has no right to bring a private civil lawsuit for the violations he alleges in his First Amended Complaint, Plaintiff has failed to state any claim upon which relief could be granted, and his First Amended Complaint is therefore due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

For all of the reasons stated above, it is

ORDERED that Plaintiff's Motion for Leave to Amend (Doc. 6) is DENIED as moot.  However, because Plaintiff is entitled to amend his complaint as a matter of course, the Clerk's Office shall place his proposed First Amended Complaint (Doc. 6-1) on the docket as his First Amended Complaint.  Because the undersigned concludes that Plaintiff has failed to state any claim upon which relief could be granted, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's First Amended Complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] The undersigned is recommending dismissal of Plaintiff's First Amended Complaint without first asking Plaintiff to further amend his complaint.  The undersigned believes requesting such amendment would be futile because, as set forth in the body of this Recommendation, Plaintiff simply lacks a private right of action for the FCRA violations he alleges.  No good faith amendment of the First Amended Complaint can surmount the statutory preemption of Plaintiff's claims.  Accordingly, leave to amend Plaintiff's First Amended Complaint need not be afforded in this instance.  *See, e.g., Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal.  Plaintiff will be permitted to file objections to the findings set forth

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED.  Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before November 9, 2017**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiffs are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 26th day of October, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE

---

in this Recommendation, and thus he is afforded the requisite opportunity to be heard about the deficiencies of his First Amended Complaint prior to any dismissal of the complaint.

8